UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

P.P.H., an infant, by his mother and natural guardian, JESSICA PEREZ,

                                                    Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER LUIS REYES, DETECTIVE DANIEL BRADY, DETECTIVE DAVID TERRELL, and DAVID SLOTT,

                                                    Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT**

17 CV 6170 (PKC)

<u>Jury Trial Demanded</u>

ECF Case

        Defendants City of New York, Luis Reyes, Daniel Brady, David Terrell, and David Slott by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base the venue of this action as stated therein.

        5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

        6.     Deny the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except state that plaintiff's allegations regarding "acting under color of state law" are statements of law rather than averments of fact, and therefore require no response and admit only that Detective Luis Reyes, Detective Daniel Brady, and Detective David Terrell were employed by the NYPD on June 2-7, 2016.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit only that ADA David Slott was employed by the Bronx District Attorney's Office on June 2-7, 2016.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit only that the City of New York is a municipal corporation, that it maintains a police department ("NYPD") and respectfully refers the Court to the New York State Charter for a complete recitation of the relationship between the City and NYPD and further admit that Luis Reyes, Daniel Brady and David Terrell were employed by the NYPD on June 2-7, 2016.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit only plaintiff was lawfully arrested by Detective Luis Reyes on June 7, 2016.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint except admit only that plaintiff was lawfully arrested on June 7, 2016 and subsequently charged with Robbery in the First Degree, Robbery in the Third Degree, three counts of Grand Larceny in the Fourth Degree, Menacing in the Second Degree, and Menacing in the Third Degree.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except admit only that plaintiff appeared in Court in relation to his June 7, 2016 arrest.

26. Deny the allegations set forth in paragraph "25" of the Complaint, except admit only that plaintiff appeared in Court in relation to his June 7, 2016 arrest and that the case was dismissed on November 3, 2016.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint except admit only that plaintiff was criminally charged.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. In response to the allegations set forth in paragraph "49" of the Complaint, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Paragraph "53" of the Complaint sets forth legal conclusions rather than averments of fact and therefore requires no response. To the extent a response is required, defendants deny the allegations set forth in paragraph "53" of the Complaint.

54. In response to the allegations set forth in paragraph "54" of the Complaint, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint except admit that plaintiff's criminal case was dismissed on November 3, 2016.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. In response to the allegations set forth in paragraph "73" of the Complaint, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. In response to the allegations set forth in paragraph "88" of the Complaint, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. In response to the allegations set forth in paragraph "91" of the Complaint, defendants repeat and reallege all of the responses contained within the preceding paragraphs of this answer, as if fully set forth.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint, including its subparts.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint and its subparts.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

108. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

109. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of Defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

110. Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any acts of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

111. Defendants Reyes, Brady, Terrell, and Slott have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

112. At all times relevant to the acts alleged in the Complaint, defendants Reyes, Brady, Terrell, and Slott acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendants Reyes, Brady, Terrell, and Slott are entitled to governmental immunity from liability on Plaintiff's state law claims, if any.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

113. To the extent that the Complaint alleges any claims arising under New York State law, such claims are barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

114. At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, the City of New York is entitled to governmental immunity from liability on Plaintiff's state law claims, if any.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

115. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

116. Plaintiff's action may be barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

117. Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

118. Plaintiff's claims may be barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

119. Plaintiff provoked any incident.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

120. Plaintiff may have failed to mitigate damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

121. Defendants Brady and Terrell had no personal involvement in the alleged incident.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

122. There was probable cause for plaintiff's arrest, detention, and subsequent prosecution.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

123. All actions undertaken by Defendant Slott in relation to the alleged incident occurred in the course of his role as an advocate for the State, and he is therefore entitled to the protections of absolute prosecutorial immunity.

**WHEREFORE,** defendants City of New York, Luis Reyes, Daniel Brady, David Terrell, and David Slott request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
             May 29, 2018

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-163
New York, New York 10007
(212) 356-2371

By:        /S
       Joseph Gutmann
       Assistant Corporation Counsel
       Special Federal Litigation Division

To:
Chukwuemeka Nwokoro, Esq. (BY ECF)
Nwokoro & Scola, Esquires